J-A24040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CONSTRUCTURAL DYNAMICS, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY AND ISRAEL SANTIAGO | |
| APPEAL OF:  LIBERTY MUTUAL INSURANCE COMPANY | |
| | No. 423 EDA 2014 |

Appeal from the Order December 10, 2013
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: November Term, 2012, No. 01715

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 19, 2014**

Appellant, Liberty Mutual Insurance Company, appeals from the trial court's order granting the summary judgment motion of Appellee, Constructural Dynamics, Inc. (CDI) and denying Appellant's cross-motion in this action for declaratory judgment.  CDI has filed a motion to quash the appeal.  After careful review, we affirm the trial court's order and deny CDI's motion to quash.

The trial court summarized the factual and procedural history as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[CDI] commenced the current declaratory judgment action seeking [a] declaration that [Appellant] is required to defend and indemnify CDI in an underlying litigation . . . [arising] out of an accident involving . . . Israel Santiago (hereinafter "Santiago").[1]

CDI leased a space to Clarence J. Venne, LLC (hereinafter "Venne") in the Riverside Industrial Complex. The lease required Venne to obtain commercial general liability insurance, "with a [t]wo [m]illion ($2,000,000) [d]ollar combined single limit" and required Venne to name CDI as an additional named insured. Moreover, "[a]ll insurance carried by [t]enant pursuant to [the] [l]ease shall be primary, not contributory with, and not in excess of, any coverage which [l]andlord may carry in [l]andlord's sole discretion."

The lease further provides:

17. INDEMNITY BY TENANT; EXONERATION
(a) Tenant hereby agrees to indemnify, defend and hold [l]andlord harmless from and against any and all claims, actions, damages, losses, liability, penalties, fines, costs and expenses, including reasonable attorneys' fees and other professional fees and court costs, to the extent arising directly or indirectly from (i) any loss of life, personal injury or property damage occurring (a) in the [b]uilding or at the [c]omplex other than in, on, or upon the [p]remises, to the extent caused, directly or indirectly, by any act or omission of [t]enant, its officers, employees, agents, invitees, licensees or contractors; or (b) in, on, or [upon] the [p]remises [to the] extent caused, directly or indirectly, by any act or omission of [t]enant, its officers, employees, agents, invitees, licensees or contractors . . .

Moreover, [p]aragraph 17(d) of the lease provides:

(d) It is the intention of the parties that the provision of this [s]ection 17 shall require [t]enant to

---

[1] Santiago was a defendant in this action, but is not a party in this appeal.

- 2 -

indemnify and hold [l]andlord harmless with regard to acts, including negligence of [t]enant (and negligence of [l]andlord, solely in connection with any work-related injury or illness suffered by an employee of [t]enant due to [l]andlord's negligence where such injury or illness is typically treated as a workman's compensation claim), which result in harm to any employee of [t]enant. This [p]rovision shall be deemed to fulfill the requirements requiring or permitting contribution or indemnity as set forth in, and constitutes an express waiver of defenses and/or immunity afforded [t]enant by, the Pennsylvania Workers' Compensation Act, 77 P.S. Section 481(b), or any similar provision of any similar act.

Subsequently, Venne obtained commercial general liability insurance policy no. YY7-Z31-509641-029 (hereinafter "the policy")[,] which provides that, "SECTION II – WHO IS AN INSURED is amended to include as an insured any manager or lessor of premises leased by you in which the written lease agreement obligates you to procure additional insured coverage." Although Venne did not name CDI as an additional named insured, as required by the lease, the policy named CDI as an additional insured. The policy had a coverage period from April 1, 2009 through April 1, 2010. The policy further provides that, "[i]f the written agreement to indemnify an additional insured requires that you indemnify the additional insured for its sole negligence, then coverage for the additional insured shall conform to that agreement." Moreover, the policy provided that the policy will not be excess and will be primary if a "written agreement . . . requires that the insurance provided for the additional insured be primary concurrent or primary non contributory."

In the underlying complaint, Santiago alleges that on August 31, 2009, during the course of his employment with Venne, he was injured while moving "skids loaded with heavy boxes from the first floor to the second floor using freight elevators at the [s]ubject [p]remises." Santiago brought suit against defendants, Elevator Construction and Repair Company, Riverside Industrial Complex Inc., PKB Contractors Inc. and CDI, for various counts of negligence. Venne was not a party to the underlying litigation. Moreover, the underlying litigation settled

and thus[,] determinations of the duty to indemnify and the duty [to] defend are both ripe.

(Trial Court Opinion, 12/10/13, at 1-3) (record citations omitted).

On January 8, 2014, Appellant timely appealed.[2]

Appellant raises the following question for our review:

Is additional insured coverage triggered where there is no allegation that the named insured caused or contributed to the liability of the purported additional insured, and the applicable policy includes additional insured coverage only for situations where the named insured caused or contributed to the liability of the purported additional insured?

(Appellant's Brief, at 4).

Preliminarily we note that in its motion to quash the appeal, CDI asserts that the trial court's December 10, 2013 order is not a final order because a hearing on damages and the amount recoverable by CDI has not been held.  (**See** CDI's Motion to Quash, 3/10/14, at 1-2).  We disagree.

The Declaratory Judgments Act provides:

**§ 7532**. **General scope of declaratory remedy**

Courts of record, within their respective jurisdictions, shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.  **The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.**

_____

[2] The trial court did not order Appellant to file a Rule 1925(b) statement of errors, but it filed a Rule 1925(a) opinion in which it relied on its opinion dated December 6, 2013 and filed on December 10, 2013.  **See** Pa.R.A.P. 1925.

42 Pa.C.S.A. § 7532 (emphasis added).

> . . . Consequently, a trial court order is final and immediately appealable pursuant to Pa.R.A.P. 341(b)(2), when the court enters a declaratory judgment order either affirmatively or negatively declaring the rights and duties of the parties, effectively disposing of the claims presented, even if the order does not expressly dispose of all claims or specify that the claims were declaratory in nature.

***Nat'l Casualty Co. v. Kinney***, 90 A.3d 747, 754 (Pa. Super. 2014) (case citations omitted).

Here, the trial court, by granting CDI's motion and denying Appellant's cross-motion for summary judgment, in effect ruled Appellant has a legal obligation to defend and indemnify CDI in the underlying Santiago matter. Thus, the decision concerning CDI's legal obligation constituted a final order under the Declaratory Judgments Act. ***See*** 42 Pa.C.S.A. § 7532; ***Nat'l Casualty Co.***, ***supra*** at 754. Therefore, the court's order was immediately appealable and we deny CDI's motion to quash.

Accordingly, we will review Appellant's issue regarding the denial of additional insured's coverage where there is no allegation of the named insured causing or contributing to the additional insured's liability.

In reviewing the merits of the appeal, we note that our standard of review for an order granting or denying summary judgment of an additional insured's coverage is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no

genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

When interpreting an insurance policy, we first look to the terms of the policy. When the language of the policy is clear and unambiguous, we must give effect to that language. However, when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured. Also, we do not treat the words in the policy as mere surplusage and, if at all possible, we construe the policy in a manner that gives effect to all of the policy's language.

We then compare the terms of the policy to the allegations in the underlying complaint. It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured. In determining whether an insurer's duties are triggered, the factual allegations in the underlying complaint are taken as true and liberally construed in favor of the insured. It does not matter if in reality the facts are completely groundless, false or fraudulent. It is the face of the complaint and not the truth of the facts alleged therein.

*Indalex Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 418, 420-21 (Pa. Super. 2013), *appeal denied*, 99 A.3d 926 (Pa. 2014) (citations and quotation marks omitted).

Here, Appellant argues that the trial court committed an error of law in misapplying Pennsylvania law and misreading the policy language. (**See** Appellant's Brief, at 11-26). Specifically, it contends that the policy language only extends coverage to an additional insured when either (1) Venne negligently caused CDI's liability, or (2) Venne agreed in writing to

indemnify CDI for the additional insured's own negligence and the agreement comports with applicable state law. (**See id.** at 11-12). This issue does not merit relief.

We first address Appellant's argument that the underlying complaint filed by Santiago is devoid of any allegation of Venne's negligence. (**See id.** at 12-13). In support of this assertion, Appellant cites to Santiago's amended complaint. (**See id.** at 13-14). Our independent review of the "factual allegations in the underlying complaint" uncovered no allegation of Venne's negligence. **Indalex Inc.**, **supra** at 421; (**see also** Appellant's Motion for Summary Judgment, 10/21/13, at Exhibit A). Therefore, the record does support Appellant's claim that it is not required to indemnify CDI under paragraph 17(a) of the lease. (**See** Lease Agreement, 2/11/09, at 16-17 ¶ 17(a)); **see also Indalex Inc.**, **supra** at 420-21. Hence, Appellant's first argument is legally persuasive. However, that does not end our inquiry.

With respect to Appellant's second argument, that the lease does not provide indemnification to CDI for its negligence absent Venne's negligence, a review of the lease reflects that the language is clear and unambiguous. (**See** Lease Agreement, 2/11/09, at 16-17 ¶ 17). Therefore, "we must give effect to that language." **Indalex Inc.**, **supra** at 420. Specifically, paragraph 17(d) states that Venne will indemnify CDI for CDI's negligence "solely in connection with any work-related injury or illness suffered by an employee of [Venne] . . . where such injury . . . is typically treated as a

workman's compensation claim[.]" (Lease Agreement, 2/11/09, at 17 ¶ 17(d)). Here, Santiago's claim would typically be treated as a workman's compensation claim. (*See* Appellant's Motion for Summary Judgment, 10/21/13, at Exhibit A). Therefore, the plain terms of this provision create Appellant's obligation to indemnify CDI even in the absence of Venne's negligence.

Based on the foregoing, we conclude that the trial court properly determined that Appellant is obligated to indemnify CDI pursuant to paragraph 17(d) of the lease. (*See* Trial Ct. Op., at 5); *see also Indalex Inc., supra* at 420-21. Accordingly, we discern no error of law or abuse of discretion in the trial court's decision granting CDI's summary judgment motion and denying Appellant's cross-motion in this declaratory judgment action. *See Indalex Inc., supra* at 420-21. Therefore, we affirm the order of the trial court.

Order affirmed. Motion to quash appeal denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014

- 8 -